## William U. Halbert, Administrator, Plaintiff in Error, v. Trader's Live Stock Exchange, Defendant in Error.

BOARDS OF TRADE—*bill to recover value of membership.* A bill of an administrator of a member of a live stock exchange against the exchange to recover the market value of the certificate, containing appropriate averments as to the liability, and proceeding under the theory that there is a trust fund for the redemption of such certificates and that the market value of such certificate should be ascertained, and on refusal to pay for it a lien should be established against the fund, is not demurrable on the ground that the remedy at law must be first exhausted.

Error to City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 7, 1912.

E. W. EGGMAN, for plaintiff in error.

WHITNEL, BROWNING & GILLESPIE, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in chancery, instituted by William U. Halbert, as administrator of the estate of Frank Moonan, deceased, to recover the value of a certain certificate of membership in the Trader's Live Stock Exchange held by Moonan at the time of his death.

The bill alleged, among other things, that said Frank Moonan, was at the time of his death, a member in good standing of said exchange, a corporation located at the National Stock Yards in the county of St. Clair and state of Illinois; that the same was an organization of stock men, formed for the protection of the live stock interests of its members; that in accordance with the by-laws of the association it was necessary, in order to become a member, to pay the sum of $500.00

into the treasury of the association to be elected to membership; that Moonan had been elected to membership in the association and paid the treasury thereof, the said sum of $500.00; that a certificate of membership was issued to said intestate, entitling him to all the privileges of membership, including a sale of the same; that plaintiff in error could not attach a copy of intestate's certificate of membership in said association, for the reason that he was unable to obtain possession of the same; that deceased was, at the time of his death, in possession of said certificate and that all fines and dues owing on the same, had been paid to the association and no forfeiture, sale or assignment had been made of the same and said certificate was, at said time, in full force and validity; that during the time said Moonan held a membership in said association and at the time of his death, there was in force a rule containing certain provisions, among which were that the membership in the exchange should be $500.00 and upon payment of that fee the secretary and treasurer should issue a certificate of membership, transferable on payment of a fee of $50.00; should any certificate of membership in the name of a deceased member, on which all fines and dues have been paid, be offered for redemption, the board of directors might, at their option, purchase, cancel and retire the same at a price, not to exceed $100.00 above the current market price of memberships, the said market price to be ascertained and determined by the board of directors; provided, however, that the minimum redemption fee should be not less than $300.00; should any membership in the name of a deceased member not be offered for redemption, the board of directors might vote a benefit not to exceed $100.00 to his estate.

The bill further alleged that shortly after the death of the intestate, said association obtained possession of said certificate of membership, without the knowl-

edge or permission of appellee, and refused to deliver the same to appellee upon demand; that after obtaining possession of said certificate, the association caused the same to be canceled; that plaintiff in error received no consideration or payment for the cancellation of said certificate and had no notice of its surrender and delivery to said association until long after it had been surrendered and cancelled; that he is entitled to the possession of said certificate and all the interest of decedent therein and became entitled to the value thereof upon the confiscation and cancellation of the same by said association; that said membership of intestate in said association was, at the time of his death, worth $600.00 and said sum was the fair market value of said certificate at said time and is at the present time; that by reason of the wrongful conversion and cancellation of said certificate by said association, plaintiff in error became entitled to the sum of $600.00 for the benefit of said estate; that said association is composed of about fifty members and is organized for mutual benefit and not for pecuniary profit; that it has no property or surplus earnings except a fund held for the purpose of making redemption of its certificates of membership, said fund being held by the officers of said association as a trust fund for said purpose; that said fund is not subject to garnishment or execution and can only be subjected to the lien and claim of plaintiff in error by the order and decree of a court of equity; that said association, by its wrongful possession of said certificate and refusal to deliver the same to plaintiff in error, is guilty of fraud and by reason of its conversion of the certificate to its own use has become liable to pay plaintiff in error the sum of $600.00, being the full value of said certificate.

The prayer of the petition was that plaintiff in error be decreed to be entitled to the possession of said certificate; that an accounting be taken under the direction of the court as to the current market price of the same at the time of the wrongful and unauthorized

cancellation thereof; that the association be required to pay to plaintiff in error the current market value of the certificate by a short day to be fixed by the court; that the association be decreed to hold said sum so found to be the current market value of said certificate in trust for plaintiff in error as administrator of said estate, and ordered and decreed to pay to him said sum for such uses and purposes; and that plaintiff in error have general equitable relief.

Defendant in error filed a demurrer to said bill stating as grounds therefor that complainant had not exhausted his remedy at law; that the bill did not show a demand which could be enforced primarily in equity or that defendant was insolvent; that the facts shown by the bill, if true, would entitle complainant to a judgment at law and that there was no equity on the face of the bill. The court sustained the demurrer and dismissed the bill for want of equity with costs against complainant. The principal contentions of defendant in error in support of the decree of the court below dismissing the bill, are, first, that intestate's certificate of membership in said association is to be likened to a membership in the Chicago Board of Trade, which, it has been held by our Supreme Court, is not such property as can be subjected to the payment of the debts of the holder by legal proceeding. Second, that if said fund can be held to be in any way subject to the payment of the claim of plaintiff in error he must first exhaust his remedy at law, and that if the association has a surplus fund for the redemption of certificates of membership there is no reason why an execution issued upon a judgment against it could not be made; or if the association has wrongfully converted the certificate to its own use trover will lie for the same.

On the other hand plaintiff in error insists that the fund in the hands of the association being, as alleged, a trust fund, the proper and most appropriate way of reaching it and subjecting it to the payment of his claim, is by invoking the aid of a court of equity.

In the consideration of the questions presented, we are of course confined to the allegations of the bill and must accept them as true. We must therefore assume, as charged in the bill, that while defendant in error is organized for the mutual benefit of its members and not for pecuniary profit, yet that it is necessary, before one can become a member of the same, to pay $500.00 into the treasury and that this amount was paid by the intestate; that the rules regarding membership provided, should any certificate of membership in the name of a deceased member, on which all fines and dues have been paid, be offered for redemption, the board of directors might purchase, cancel and retire the same at a price not exceeding $100.00 above the current market price of the same, and that the minimum redemption fee should not be less than $300.00; that said association has a fund held for the purpose of making redemption of its certificates of membership and that the same is held by its officers as a trust fund for that purpose; that the fair market value of the certificates at the time of the death of the intestate, and at the filing of the bill was $600.00; that said certificate had come into the possession of the association since the death of the intestate and had been canceled and that the same had not been delivered to the association by any one having legal authority, or authorized by plaintiff in error, to do so. From these allegations it clearly appears the certificate was an asset of the estate of the intestate and that under the by-laws of the association it had a value; that the officers of the association have a fund which they hold in trust for the payment of such certificate, and that having elected to treat the certificate as offered for redemption and having canceled and retired the same, it was the duty of the directors to ascertain and determine the current market price of the same as provided by the rules and, having done so, to pay such price over to plaintiff in error; that the directors not having done so, plaintiff in error had a

right to maintain his bill in equity to require the market price of said certificate to be ascertained as the rules direct, to establish his lien for the amount so determined upon said trust fund and to require the payment of the amount of such lien from said fund by the directors or other proper officers of defendant in error.

It follows that the court below erred in sustaining the demurrer to the bill of plaintiff in error and the decree is therefore reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*